## LORD & A. v. DUNBARTON AND BOW.

A petition, praying that a new highway may be laid out within two towns, may be filed in the office of the clerk of the supreme court, or may be presented to the selectmen of such towns acting jointly. In order to give the court jurisdiction of such petition, it is not necessary that it be first presented to the selectmen of such towns, and that they neglect or refuse to lay out such highway.

*Sanborn & Clark*, for the plaintiffs.

*Mugridge* and *Marshall & Chase*, for the defendants.

Isaac W. Smith, J. This is a petition for a new highway in the two adjoining towns of Dunbarton and Bow. Counsel for Dunbarton moved to dismiss the petition, because no application had ever been made to the selectmen of said towns, or either of them, to lay out said highway, nor had there been a neglect or refusal by them to lay out the same before the presentation of this petition to the court.

The act of 1829 gave the court jurisdiction of laying out a highway in two or more towns in the same county, or in different counties. That gave the court jurisdiction where the road is in two towns; and the provision, as to one of them being in the county in which the petition is presented, relates, not to the description of the case, but to the county in which the petition shall be brought. It describes, not the nature of the case of which the court has jurisdiction, but the *venue* of the petition. It is as if it had read,—the petition shall be brought in one of the counties in which one of the towns is. The act of 1829 was reënacted in substance in the Revised Statutes, ch. 50, sec. 1, and General Statutes, ch. 63, sec. 1.

The act of 1859 gave selectmen of two adjoining towns (as one board) jurisdiction of a petition for a new highway within such towns. This statute was reënacted in Gen. Stats., ch. 61, sec. 17. The argument from inconvenience of two concurrent jurisdictions is not enough to repeal the former law by implication.

If the provisions as to one of the towns being in the county in

which the petition is presented are construed to relate to the *description* of the case, and not to the *venue* of the case, then it follows, that prior to 1859, as well as since, there was and has been no statute conferring upon the court power to lay out a highway in two towns in the same county ; and it also follows, that prior to 1859, as well as since, there was, and has been, and still is, no statute conferring upon the court or upon selectmen power to lay out a highway situate in more than two towns in the same county.

A majority of the court are of opinion that

*The exceptions must be overruled.*

FOSTER, J., doubted.